UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NICHOLAS KYLE SCHERER,

        Plaintiff,

       v.                              Case No. 18-C-1973

JOHN DOE, CITY OF KENOSHA JAIL, and
KENOSHA VISITING NURSE ASSOCIATION,

        Defendants.

## SCREENING ORDER

Plaintiff Nicholas Kyle Scherer, who is currently representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was housed at the City of Kenosha Jail. This case is currently assigned to U.S. Magistrate Judge William Duffin. Until now, the court has not screened the complaint and decided whether it should be served on the defendants, so the defendants have not yet had the opportunity to decide whether to consent to a magistrate judge hearing the case. Because *both* parties have not yet consented, the clerk's office referred the case to Judge Pamela Pepper to screen the complaint and decide whether it should be served on any of the defendants. The case has since been referred to this court. The court will explain what claims the plaintiff has stated against which defendants, and then it will return the case to Judge Duffin for further proceedings.

**I. Motion for Leave to Proceed without Prepayment of the Filing Fee**

The court may allow a plaintiff to proceed without prepayment of the filing fee if: (1) he shows that he can't pay the filing fee; and (2) the case is not frivolous or malicious, does not fail

to state a claim on which relief may be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§ 1915(a) and (e)(2).[1]

The plaintiff states that he is a self-employed programmer. Dkt. No. 2 at 2. According to the plaintiff, he earns $1,000 per month. *Id.* The plaintiff asserts that every month, he spends $800 on rent and the remaining $200 on other household expenses. *Id*. He states that he owns a car worth $2,000, and he owns no property. *Id*. at 3.

Based on these assertions, the court finds that the plaintiff does not have the money to prepay the civil case filing fee. Further, for the reasons explained later in this order, the court finds that the plaintiff states a claim with which he may proceed. Accordingly, the court will grant the plaintiff's motion to proceed without prepayment of the filing fee.

## II. Screening the Plaintiff's Complaint

Before it addresses the substance of the plaintiff's complaint, the court notes that the plaintiff has requested to proceed "under the Pseudonym '[J]ohn Doe' under Wis. Stat. § 995.50(2) and have all privacy protected." Dkt. No. 1-1 at 6. Federal courts are not bound by state statutes, and, in any event, the statute the plaintiff relies on does not support his request. Further, "[s]ecrecy in judicial proceedings, including concealment of parties' names, is disfavored." *Mueller v. Raemisch*, 740 F.3d 1128, 1135 (7th Cir. 2014). "Secrecy makes it difficult for the public (including the bar) to understand the grounds and motivations of a decision, why a case was brought (and fought), and what exactly was at stake in it." *Id.* at 1135–36. The Seventh Circuit has made clear that courts "have an independent duty to determine whether exceptional circumstances justify [] a departure from the normal method of proceeding [publicly]

---

[1] The plaintiff's complaint concerns the medical treatment he allegedly received while he was incarcerated at the Racine County Jail; however, the plaintiff was *not* incarcerated when he filed his complaint. Accordingly, the Prison Litigation Reform Act does not apply to this case.

in federal courts." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997).

The plaintiff argues only that "[t]his case could get into [] private details that the plaintiff should be protected from sharing publicly." Dkt. No. 1-1 at 6. In light of the plaintiff's allegations, the court assumes the plaintiff is referring to details about his mental health condition. However, "the fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems." *Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d at 872 (finding that the presence of mental illness is not an automatic ground for concealing the identity of a party).

Accordingly, the court will not allow the plaintiff to proceed pseudonymously. That said, should it become necessary for either party to file portions of the plaintiff's medical records and should those records include material that would be highly embarrassing to the average person but somehow relevant to this case, the plaintiff may file a motion requesting that the records be restricted from public access, and the court will consider it.

*A. Federal Screening Standard*

The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

3

That said, a complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Rather, a complaint must contain sufficient factual matter, accepted as true, that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

   B. *The Plaintiff's Allegations*

The plaintiff is suing the City of Kenosha Jail, the Kenosha Visiting Nurse Association, and an unidentified nurse. The plaintiff alleges that, after he was arrested, officers confiscated his ID and took him to the police station. Dkt. No. 1-1 at 4. He states that, despite officers having his ID, his birthday was entered incorrectly into the computer; it was off by ten years (entered as 1983 instead of 1993). *Id*. The plaintiff explains that he didn't know it had been entered incorrectly, but he recalls telling at least five people his correct birthday. *Id*.

It is not entirely clear, but it appears that at intake the plaintiff told defendant John Doe Nurse that he had been taking Paxil, which is used to treat major depressive disorder. *Id.* at 5; *see* RxLIST, *Paxil*, www.rxlist.com/paxil-drug.htm#indications (last visited Feb. 18, 2020). The court infers from the plaintiff's allegations that the nurse called the plaintiff's pharmacy and was told that there was no prescription on record for the plaintiff. Dkt. No. 1-1 at 5. The plaintiff asserts that the nurse did not follow up with the pharmacy after he twice told the nurse his correct birthday

4

and despite having access to the plaintiff's ID. *Id*. The plaintiff confirms that his pharmacy lists his medications under his name and correct date of birth. *Id.*

The plaintiff explains that he had been told by his psychologist and doctor to never go off Paxil "cold turkey." *Id*. The plaintiff explains that he began to worry about his well-being because he started to have headaches and suicidal thoughts. *Id*. He states that, for years, he's never missed a dose for more than a few hours. *Id.*

The plaintiff asserts that he told everyone he interacted with about his birthday and that he was being denied his mental health medication. *Id.* He states that he even told a counselor/therapist, but nothing was done. *Id*. The plaintiff explains that, as a first-time offender, he didn't know how jail works. *Id*. He explains that another inmate stole some of his food while he was having a crying spell in the bathroom, but he didn't want to report it because he was afraid of what would happen. *Id.* He states that, after he started having suicidal thoughts, he considered requesting that he be sent to solitary, but he didn't want to be placed in a "green turtle suit," and other inmates told him the solitary cells were covered with human waste because "the crazies were in them." *Id.*

The plaintiff explains that, because he was not receiving his anti-depressant medication, he began to experience withdrawal symptoms, such as "confusion, blurry vision, and disillusion." *Id.* According to the plaintiff, some of his symptoms continued through the time he filed his complaint. *Id.* It appears that the plaintiff was held at the jail for four days. *Id*. at 4. He states that, after he left the jail, he had a manic episode, during which his body kept making involuntary movements and he couldn't stop crying and screaming. *Id*. at 5. He asserts that he restarted his medication as soon as possible after his release, but he fears the damage is done. *Id*.

Finally, the plaintiff alleges that he was suffering from tinea pedis (athlete's foot), warts, and onychomycosis (nail fungus) on his feet, all of which are known to be contagious. *Id*. He

5

explains that nothing was done to keep him separate from the other inmates while he was sharing a dorm and showering with them. *Id.* The plaintiff believes that the other inmates should have been notified of his condition. *Id.*

*C. The Court's Analysis*

The plaintiff cannot sue the Jail under § 1983. In Wisconsin, a jail is an arm of the sheriff's department, and the sheriff's department is an arm of the county in which it sits. *See Abraham v. Piechowski*, 13 F. Supp. 2d 870, 877–79 (E.D. Wis. 1998). This means that jails and sheriff's departments are not "legal entit[ies] separable from the county government which [they] serve[] . . . ." *Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). In other words, the Jail does not have the capacity to be sued separately from Kenosha County. While it is true that, under some circumstances, a county may be sued under § 1983, *see Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the court cannot conclude from the plaintiff's allegations that those circumstances are present in this case. Accordingly, the court will dismiss the Jail.

Nor will the court allow the plaintiff to proceed on a claim against Kenosha Visiting Nurse Association. It appears that the only reason the plaintiff named that entity as a defendant is because it employs the John Doe Nurse. This is not enough. Under § 1983, a plaintiff cannot hold one person liable for the misconduct of another, and cannot sue a private corporate employer for the misconduct of its employees unless the plaintiff can show "that his injury was caused by a [corporate] policy, custom, or practice of deliberate indifference to serious medical needs, or a series of bad acts that together raise the inference of such a policy." *Shields v. Ill. Dep't of Corrections*, 746 F.3d 782, 796 (7th Cir. 2014). The plaintiff has not alleged that the Kenosha Visiting Nurse Association had such a policy, custom, or practice, nor has he alleged a pattern of bad acts raising the inference of such a policy.

The court also will not allow the plaintiff to proceed on a claim based on his allegations that inmates were not warned that he had athlete's foot and toenail fungus. The plaintiff does not allege that any of the named defendants were responsible to warn other inmates of his condition. And, in any event, the plaintiff was not harmed in any way by this alleged failure to warn others.

The court will, however, allow the plaintiff to proceed against John Doe Nurse based on his allegation that the nurse refused to follow-up with the pharmacy about the plaintiff's prescription for Paxil after the plaintiff informed the nurse that the birth year listed in the computer was incorrect. *See McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013) (explaining that the Constitution requires "states to provide adequate medical care to incarcerated individuals" (citations and internal quotations omitted)). It appears that the plaintiff was a pretrial detainee during the relevant time. Accordingly, his rights derive from the Due Process Clause of the Fourteenth Amendment. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 350 (7th Cir. 2018). As such, he "must show only that the defendant['s] challenged conduct was 'objectively unreasonable.'" *Williams v. Ortiz*, 937 F.3d 936, 942 (7th Cir. 2019).

Because the plaintiff does not know the name of the nurse he is suing, the court will name Kenosha County Sheriff David G. Beth as a defendant for the limited purpose of helping the plaintiff identify the name of the John Doe defendant. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996). Even if the John Doe defendant is not a member of the sheriff's department, the sheriff's department presumably maintains records of which nurses are on duty at different times as well as record reflecting which officer or officers conducted the booking process. The court will order the U.S. Marshal Service to serve Sheriff Beth with the plaintiff's complaint and a copy of this order. Sheriff Beth does not have to respond to the plaintiff's complaint. After Sheriff Beth's lawyer files an appearance in this case, the plaintiff may serve

discovery upon Sheriff Beth (by mailing it to his lawyer at the address in his notice of appearance) to get information that will help him identify the name of the Doe defendant.

For example, the plaintiff may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because the plaintiff has not stated a claim against Sheriff Beth, the plaintiff's discovery requests must be limited to information or documents that will help him learn the name of the Doe defendant. The plaintiff may not ask Sheriff Beth about any other topic, and Sheriff Beth is under no obligation to respond to requests about any other topic.

After the plaintiff learns the name of the Doe defendant, he must file a motion to substitute the name for the Doe placeholder. Normally, under these circumstances, the court would direct that an amended complaint be filed that properly names the defendant. But given the plaintiff's pro se status and that his pleading provides sufficient notice to the defendant of his alleged violations, the court will allow the plaintiff to substitute the name of the nurse in place of the Doe placeholder rather than filing an amended complaint.

The court will dismiss Sheriff Beth as a defendant once the plaintiff identifies the name of the Doe defendant. After the plaintiff identifies the Doe defendant and he or she has an opportunity to respond to the plaintiff's complaint, the court will set a deadline for discovery. At that point, the plaintiff may use discovery to get the information he believes he needs to prove his claim.

The plaintiff must identify the name of the Doe defendant within sixty days of Sheriff Beth's lawyer filing a notice of appearance. If he does not or he does not explain to the court why he is unable to do so, the court may dismiss his case based on his failure to diligently prosecute it. Civil L.R. 41(c).

**III. Conclusion**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**. The plaintiff may pay the $350 filing fee over time as he is able. The plaintiff should mail payments to the U.S. District Court, Eastern District of Wisconsin, 517 E. Wisconsin Ave., Rm. 362, Milwaukee, WI 53202.

**IT IS FURTHER ORDERED** that the clerk's office is to update the docket to reflect that Nicholas Kyle Scherer is the plaintiff in this case.

**IT IS FURTHER ORDERED** that the City of Kenosha Jail and Kenosha Visiting Nurse Association are **DISMISSED** as defendants.

**IT IS FURTHER ORDERED** that the United States Marshal is to serve a copy of the complaint and this order on Sheriff David Beth under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that Sheriff Beth does not have to respond to the plaintiff's complaint; however, he must respond to the plaintiff's discovery requests as described in this order.

**IT IS FURTHER ORDERED** that the plaintiff identify the name of the Doe defendant within sixty days of Sheriff Beth's attorney appearing in the case. If he does not or does not explain to the court why he is unable to do so, the court may dismiss his case based on his failure to diligently pursue it. Civil L.R. 41(c).

**IT IS FURTHER ORDERED** that the plaintiff submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

**IT IS FURTHER ORDERED** that this case is **RETURNED** to U.S. Magistrate Judge William Duffin for further proceedings.

Dated at Green Bay, Wisconsin this 19th day of February, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court
